UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES L. JAMES, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09cv1720 (SRU) |
| UNITED STATES, et al., | : | |
|     Defendants. | : | |
| | : | |

## RULING ON PENDING MOTIONS

Plaintiffs Charles L. James and Linda J. Dowski, acting *pro se*, brought this action against the United States, John and Jane Doe, and other defendants seeking recovery under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 for alleged violations of their rights under Article I, Section 8 of the Connecticut Constitution, and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution.  On October 26, 2009, Magistrate Judge Margolis filed a recommended ruling dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) (doc. # 5).  I adopted Judge Margolis's recommendation and dismissed the case with prejudice in a written order dated December 14, 2009 (doc. # 8).  The plaintiffs have now filed four motions to reconsider and/or reopen the case (docs. # 9, # 10, # 11 and # 13).[1]  For the reasons that follow, the motions are DENIED.

To the extent the plaintiffs seek reconsideration of my previous order dismissing their complaint, they have failed to meet the strict burden reconsideration requires.  Reconsideration

---

[1] Document 11 is stylized as a motion to "stay, restrain, injunction" (doc. # 11).  Although it is unclear what relief the plaintiffs are seeking in that document, I am treating it as another motion to reopen the case.  Also pending are related motions to order counsel (docs. # 12 and # 20), a motion for leave to proceed in forma pauperis (doc. # 13), and motions to see the file (docs. # 14, # 15, # 16, # 17, and # 19).

will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used to relitigate an issue the court has already decided.  *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007).  Moreover, a party cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made."  *Horsehead Res. Dev. Co., Inc. v. B. U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

After thoroughly reviewing the papers, I see no reason to reconsider my previous order dismissing this case for failure to state a claim upon which relief may be granted.  The plaintiffs' various grievances still do not amount to a cognizable cause of action under any conceivable legal theory.[2]  Even when construed as liberally and favorably as possible, the plaintiffs' filings have not pointed to any pertinent evidence or controlling decisions that I failed to take into account that would affect the outcome of this case.

Similarly, to the extent the plaintiffs seek to reopen the judgment under Federal Rule of Civil Procedure 60(b), the circumstances of this case do not warrant such exceptional relief.  Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons:

---

[2] The plaintiffs appear to take umbrage with my use of the word "theories" to describe their claims in my previous Order of Dismissal (doc. # 8).  To be clear, I meant no disrespect.  The term "legal theory" simply refers to the reasons why a plaintiff is or is not entitled to recover under the law.  Such terminology is not meant to belittle the claim or insult the claimant.  On the contrary, even the most meritorious legal arguments, brought by the most experienced attorneys, are referred to as "theories."

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

None of these extraordinary circumstances exist here. As explained above, the plaintiffs have failed to point to any previously undiscoverable evidence or offer any other reasonable justification for reopening the case.

Therefore, the plaintiffs' motions to reconsider and/or reopen the case (docs. # 9, # 10, #11 and # 13) are hereby **DENIED**. Accordingly, the plaintiffs' other pending motions to order counsel (docs. # 12 and # 20), motion for leave to proceed in forma pauperis (doc. # 13), and motions to see the file (docs. # 14, # 15, # 16, # 17, and # 19) are **DENIED** as moot.[3] .

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of August 2012.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[3] To the extent the plaintiffs are attempting, through any of these motions, to assert entirely new claims premised on different alleged constitutional violations by different defendants, they should file a separate complaint in the proper court.